**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JARTOWN, L.P., | : | |
| Plaintiff. | : | |
| v | : | Civil Action No. |
| USV OPTICAL, INC., | : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff Jartown, L.P. ("Plaintiff" or "Jartown"), by its undersigned attorneys, for its Complaint against Defendant USV Optical, Inc. ("Defendant" or "USV"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for money damages resulting from Defendant's material breach of a commercial lease agreement dated January 15, 1996, as amended (the "Lease"), between Plaintiff's predecessor in interest, as lessor, and Defendant's predecessor in interest, as lessee, for retail premises located in the Doylestown Shopping Center located at 424 Main Street, Doylestown, Pennsylvania (the "Property"). As more particularly described herein, Defendant has failed to pay monthly rent and related obligations due under the Lease for the months of October, 2025 through August, 2026.

### PARTIES

2. Plaintiff Jartown is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 555 City Avenue, Suite 1130, Bala Cynwyd, Pennsylvania. Jartown is the owner of the Property.

3. Defendant USV is a corporation organized and existing under the laws of the State

of Texas with a principal place of business located at 1 Harmon Drive, Blackwood, New Jersey 08102-5103. USV operates retail stores under the trade name "U.S. Vision" at multiple locations throughout the United States, including at the Property.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, Diversity of citizenship exists because Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Texas.

5. Personal jurisdiction over Defendant is proper because, among other reasons, Defendant conducts business at the Property, which is located in the Commonwealth of Pennsylvania, and has committed a breach of the Lease causing harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this judicial district because a substantial part of the events giving rise to the claims herein occurred in this judicial district and the Property is situated in this judicial district.

**RELEVANT FACTS**

7. Jartown is the owner of the Property and is engaged in the business of leasing premises within the Property to commercial tenants.

8. On January 15, 1996, the respective predecessors in interest of Plaintiff and Defendant entered into the Lease, a copy of which is annexed hereto and made a part hereof as Exhibit "A".

9. Thereafter, the parties entered into multiple amendments to the Lease, including the Fifth Amendment to the Lease dated March 25, 2024, a copy of which is annexed hereto and made a part hereof as Exhibit "B".

10. Pursuant to the Lease, USV is obligated to pay monthly minimum rent in the amount of $5,391.05, together with additional sums for common area maintenance and real estate taxes.

11. Pursuant to section 23.5 of the Lease, upon the occurrence of an event of default, Jartown has the right to accelerate the balance due under the Lease for the remainder of the term thereof.

12. USV has breached the Lease by failing to remit rent due thereunder for the period from October, 2025 through August 2026. A statement reflecting the accelerate balance due under the Lease as of August 24, 2026 is annexed hereto and made a part hereof as Exhibit "C".

13. USV has failed to pay the minimum rent due under the Lease as hereinabove described despite written notice of default given by Jartown as provided in the Lease.

14. All applicable cure or grace periods under the Lease have expired.

15. Despite notice of default and demand for payment as provided in the Lease, Defendant has failed and / or refused to cure its default under the Lease

**CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 hereof above and incorporates them by reference as if fully set forth herein.

17. Jartown has fulfilled all of its obligations under the Lease and is not in breach of the Lease or any other agreement with USV.

18. USV has materially breached the Lease by failing to make timely payments of minimum rent for the period from October, 2025 through August, 2026.

19. As a direct and proximate result of Defendant's breach of contract, Jartown has suffered and continues to suffer damages in the amount of $242,222.27, as reflected in Exhibit "C".

**PRAYER FOR RELIEF**

WHEREFORE, Jartown, L.P. respectfully requests that the Court enter judgment as follows:

a. For damages in the amount of $242,222.27;

b. For pre-and post-judgment interest; and

c. For such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues so triable.

Dated: August 24, 2026

**KURTZMAN | STEADY, LLC**

By: /s/ Jeffrey Kurtzman, Esquire
101 N. Washington Avenue, Suite 4A
Margate, NJ 08042
Telephone: (215) 839-1222
Email: kurtzman@kurtzmansteady.com

Attorneys for Plaintiff Jartown, L.P,